IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| TAO AN, CHUNGANG GUAN, <br> CUI QINGYUN, HUIMIN LIN, <br> BEILE LI, YANMING WANG, <br> TAO ZHENG, ZHENG HU <br> YUAN CAO, LINWAN FENG, | ) <br> ) <br> ) <br> ) <br> ) <br> ) | FIRST AMENDED COMPLAINT |
| Plaintiffs, | ) | 22-cv-10062 |
| v. | ) <br> ) | |
| LUC A. DESPINS, <br> PAUL HASTINGS LLP, | ) <br> ) <br> ) | |
| Defendants. | ) <br> ) | JURY DEMANDED |

PRELIMINARY STATEMENT

1. When a victim of oppression has escaped to America seeking refuge from the tyranny in their homeland they rely on the US Government to protect them from those tyrants.

2. The Plaintiffs are Chinese-born US Residents living in a state of constant fear and apprehension, due to actions taken by the Defendants who have, at times relevant to the claims herein, operated covertly as unregistered agents of either or both foreign principals: A) the People's Republic of China ("PRC"); and/or B) the Chinese Communist Party ("CCP").

3. The Defendants actions have contributed to the PRC's and CCP's efforts to harass, intimate, defame and deny the Constitutional rights of the Plaintiffs.

4. The Plaintiffs are requesting that the Honorable Court afford them an avenue of relief, in law or in equity, as they believe that law enforcement arm of the Federal Government has not done enough to protect them.

1

5.     Indeed, the Plaintiffs request the Court grant the relief sought on the grounds that the Court is not, strictly speaking, obliged to disregard the Plaintiff's claims due to an absence of an explicit "private right of action" provision in the FARA statute, since only District Courts have, as of yet, opined on the issue, and there has been no appellate or Supreme Court ruling on whether a private right of action under FARA can be inferred.

6.     The Plaintiffs believe that such right of action must be inferred where, as here, there has been a lack of enforcement action -- resulting in the violation of constitutional rights, and a blatant disregard of the rule of law.

## JURISDICTION

7.     The United States District Court for the Southern District of New York has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 (Federal Question).

8.     The United States District Court for the Southern District of New York may exercise personal jurisdiction over the Defendants, pursuant to New York Long Arm CPLR 302 (a)(1) on the grounds that the some events complained of occurred or happened in New York.

## LEGAL BACKGROUND

9.     U.S. Congress enacted the Foreign Agents Registration Act, 22 USC §611, et seq. ("FARA"), requiring "foreign agents" to register with the Attorney General. As amended over the years, it applies broadly to anyone who acts on behalf of a "foreign principal" to, among other things, influence U.S. policy or public opinion. FARA is an important tool to combat foreign influence in the United States. It creates transparency by requiring certain agents of foreign principals who are engaged in political activities or other activities specified under the statute to make periodic public disclosure of their relationship with the foreign principal. One "who acts as an agent, representative, employee, or servant, or any person who acts in any other capacity at the

order, request, or under the direction or control" of a foreign principal is required to register under FARA. 22 U.S.C. § 611(c)(1). 22 U.S. Code § 612(a) provides that "No person shall act as an agent of a foreign principal unless he has filed with the Attorney General a true and complete registration statement."

10. Lawyers are not exempted from registration under FARA.

## FACTS

11. The Plaintiff Tao An is an individual residing in Miramar, Florida.

12. The Plaintiff Chungang Guan is an individual residing in Fresh Meadows, New York.

13. The Plaintiff Cui Qingyun is an individual residing in Pasadena, California.

14. The Plaintiff Huimin Lin is an individual residing in Morristown, New Jersey.

15. The Plaintiff Beile Li is an individual residing in Fort Lee, New Jersey.

16. The Plaintiff Yanming Wang is an individual residing in Southborough, Massachusetts.

17. The Plaintiff Tao Zheng is an individual residing in Miami, Florida.

18. The Plaintiff Zheng Hu is an individual residing in Marietta, Georgia.

19. The Plaintiff Yuan Cao is an individual residing in White Plains, New York.

20. Defendant Luc A. Despins (hereinafter "Defendant Despins") is a resident of Connecticut.

21. Defendant Paul Hastings LLP (hereinafter "Paul Hastings") is a Delaware registered Limited Liability Partnership. The Defendants are hereinafter referred to collectively as the "Hastings Defendants."

22. The Plaintiffs, as well as many other Chinese Nationals who have escaped to, and remain in, the United States, have been subjected to an ongoing campaign of harassment by agents of the CCP and PRC.

23. The Plaintiffs live in fear of harassment such as protracted litigation, defamation in media, illegal surveillance, and physical intimidation — acts that infringe of the Plaintiffs rights under the Constitution of the United States of America.

24. The Plaintiffs have been subjected to an ongoing campaign of harassment by agents of the CCP and PRC.

25. The Plaintiffs have been intimidated into refraining from exercising their rights to free speech, expression, association and assembly as a result of the Defendants acts against them and against other people similarly situated.

26. This harassment has been in the form of protracted litigation, defamation in media, and illegal surveillance, physical intimidation — acts that infringe of the Plaintiffs rights pursuant to the Constitution of the United States of America.

27. By way of example, the facts of Plaintiff Cui Qingyun suffering under the CCP are informative regarding the depravation and the dangers these people have faced and are facing.

28. As a reasonable representation of the Plaintiffs' experiences, follows is a brief account of the persecution of Plaintiff Cui Qingyun and his family by the CCP:

    a. Plaintiff Cui Qingyun's family has been made to suffer at the hands of the CCP repeatedly ever since it took power in China, and even still now that he has escaped to America;

    b. Plaintiff Cui Qingyun's grandparents were relatively wealthy until CCP launched the Socialist Reformation, during which his family was forced to

        "donate" all their family's asset. His family's fortunes have been in ruins ever since;

    c. The family of Plaintiff Cui Qingyun's wife was also a well-off family and all of her family's property was forcibly confiscated by the CCP as well;

    d. Plaintiff Cui Qingyun, along with him wife and son, were forcibly locked down by the CCP for 14 days in April of 2022. During that time, they were given food only every three days in an amount equal to about two regular meals. During those 14 days, Plaintiff Cui Qingyun and his wife were living in fear day and night, afraid that they might be forced into a concentration camp;

29. All people possess human rights and fundamental freedoms that governments must protect.

30. The government of the PRC guided by a totalitarian ideology under the absolute rule of the CCP, deprives citizens of their rights on a sweeping scale and systematically curtails freedoms as a way to retain power.

31. In 2018, the U.S.-China Economic and Security Review Commission issued a landmark report titled " China's Overseas United Front Work." See Exhibit A, Attached.[1]

32. The report, an official US Government document, which is dated August 24, 2018, provides details regarding the efforts of the CCP to, *inter alia*, "carry out influence operations" in the United States, and elsewhere. See Id., at 3.

---

[1] https://www.uscc.gov/sites/default/files/Research/China%27s%20Overseas%20United%20Front%20Work%20-%20Background%20and%20Implications%20for%20US_final_0.pdf

33. "It is precisely the nature of United Front Work to seek influence through connections that are difficult to publicly prove and to gain influence that is interwoven with sensitive issues." See Id.

34. "The CCP continues to lay the groundwork in the United States for United Front operations that could be similar to those that have achieved success in some U.S.-allied countries...." See Id.

35. "The CCP has…in certain instances has infringed upon – and potentially criminally violated – rights to freedoms of speech and association that are guarantees to Americans and those protected by U.S. laws." See Id. at 3-4.

36. The CCP under General Secretary Xi Jinping has put enormous resources into influence abroad, estimated at $10 billion a year.

37. Xi has elevated and expanded United Front activities, a so-called "magic weapon" that relies on coopting Chinese diaspora communities and building relationships with Western enablers to make the "foreign serve" the CCP. The CCP builds varied and long-term relationships.

38. The PRC has a distinctive system that blurs the lines between classical espionage, clandestine operations, and influence-seeking.

39. Paul Hastings announced on July 18th, 2019 that it advised Jinshang Bank on its US$422 million global offering and listing of its H shares on the Hong Kong Stock Exchange. Jinshang Bank is the only provincial-level city commercial bank in Shanxi Province in China.

40. Jinshang Bank, formerly known as Taiyuan City Commercial Bank, was established under the leadership of CCP's provincial government of Shanxi province and the local government of Taiyuan city.

41. There are several obvious facts that can demonstrate that Jinshang Bank was operating under CCP leadership at the time of its Hong Kong IPO:

   a. First and foremost, as a general proposition, all corporations in China are, by law, co-opted into service to the CCP, and are obligated by law to include a party member in the corporation's management.

   b. The top 5 shareholders listed in its IPO document are all directly controlled by the CCP. They are Shanxi State Capital Operation Co., Ltd.(山西國投), Shanxi Financial Investment Holdings Limited (山西金融投資控股集團有限公司), China Huaneng Group Co., LTD.(中國華能集團有限公司), Huaneng Capital Service Co., Ltd. (華能資本服務有限公司), Taiyuan Finance Bureau ( 太原市財政局).

42. In particular, both Shanxi State Capital Operation Co., Ltd. and Shanxi Financial Investment Holdings Limited are under the direct leadership of the CCP Provincial Committee and the provincial government of Shanxi Province.

43. Huaneng Capital Service Co., Ltd. is controlled by China Huaneng Group Co., LTD., which is a central SOE under the leadership of CCP's Central Committee and the State Council. Taiyuan Finance Bureau is a government agency that implements CCP and the city government's financial policy. Together they controlled about 65% of the shares of Jinshang Bank around the time of the IPO.

44. The IPO document explicitly lists CCP party committee as part of its main organizational structure. In particular, it explicitly states that the CCP party committee "will play a core leadership role" and "a core political role" in the operation of the bank.

45. In its IPO document, Jinshang Bank describes itself as the "financial housekeeper" and "partner in the real economy" of local governments at all levels in Shanxi Province and have reached agreement with 4 cities and 8 regions under the Shanxi Provincial Government and enjoy "priority rights" of large-scale projects. Governments at all levels in Shanxi Province answer to the CCP.

46. As of 2019, Jinshang Bank was a main underwriter and buyer of the local government bond of Shanxi Province.

47. According to its annual reports, Jinshang Bank had significant related party transactions with SOEs in the Shanxi province, which are key entities that implement CCP's political, economic and social policy.

48. While Paul Hastings is nominally providing services to the company, it is in fact providing services to the CCP and the PRC government.

49. The Hastings Defendants have, at various times, presented legal filings, appeared in various capacities in legal proceedings and otherwise worked for the benefit of the CCP and the The Hastings Defendants services to CCP and PRC have included acts that fall outside the scope of any permitted exceptions or safe harbors provided under 22 U.S. Code § 613.

50. Upon information and belief, Defendant Bo Shan is also working as a spy for the CCP.

51. Upon information and belief, the Hastings Defendants are not, and has never been, registered as foreign agents, or any other capacity, pursuant to 22 U.S. Code § 612.

52. Upon information and belief, the Hastings Defendants are not entitled to claim any exceptions to registration pursuant to 22 U.S. Code § 612 that are enumerated in 22 U.S. Code § 613.

53. Upon information and belief, the Hastings Defendants have continuously been in a state of violation of 22 U.S. Code § 612 for at least 5 years or more, and such violation is ongoing.

## CONCLUSION AND REQUEST FOR RELIEF

WHEREFORE, Plaintiffs respectfully request the Court to enter Judgment against Defendants, jointly and severally, as follows:

A. Ordering that the Defendants cease and desist from serving the interests of the CCP, and PRC, or;

B. Ordering that the Defendants immediately comply with the registration obligations of 22 U.S. Code § 612, and;

C. Ordering that all the Defendants, their employees, agents, representatives, successors, assigns, and all persons who act in concert with them be permanently enjoined from taking any further discriminatory acts, intentional or otherwise, against the Plaintiffs and all others similar situated, and;

D. Costs and such other relief as is just and proper.

DATED: December 15, 2022

                                           Respectfully submitted
                                           for the Plaintiffs

                                           _S_____
                                           Yongbing Zhang
                                           Law Offices of Yongbing Zhang
                                           223 West Jackson Boulevard, Suite 1012
                                           Chicago Illinois 60606

Tel.: 312-750-9889  
Fax: 312-750-9880  
Email: yzhang@ybzlaw.com

_S_____  
Richard N. Freeth, Esq.  
Freeth & Associates LLC  
260 Madison Ave., 8th Fl.  
New York, NY 10016  
Tel.: 917-775-7082  
Email: richfreeth@icloud.com
