**Davis Polk**

Greg D. Andres
+1 212 450 4724
greg.andres@davispolk.com

Davis Polk & Wardwell LLP
450 Lexington Avenue
New York, NY 10017
davispolk.com

January 31, 2023

Re: *Tao An v. Despins*, No. 22-cv-10062

<u>Via ECF</u>

Honorable Valerie E. Caproni
United States District Court
Southern District of New York
40 Foley Square, Room 240
New York, New York 10007

Dear Judge Caproni:

We write on behalf of Defendants Luc A. Despins and Paul Hastings LLP to oppose Plaintiffs' January 25, 2023 request that the Court recuse itself from this case.  (*See* ECF No. 18.)  For the reasons set forth below, Plaintiffs' request should be denied.

Section 455 of the United States Judicial Code governs the recusal of federal judges.  *See* 28 U.S.C. § 455; *In re Aguinda*, 241 F.3d 194, 200 (2d Cir. 2001).  Under Section 455(a), "[a] judge is required to disqualify herself 'in any proceeding in which [her] impartiality might reasonably be questioned.'"[1]  *Komatsu v. City of New York*, 20-CV-10942 (VEC), 2021 WL 1590205, at *1 (S.D.N.Y. Apr. 23, 2021) (quoting 28 U.S.C. § 455(a)).  The Second Circuit has "reminded litigants that Section 455(a) requires a showing that would cause 'an objective, disinterested observer fully informed of the underlying facts [to] entertain significant doubt that justice would be done absent recusal.'"  *In re Aguinda*, 241 F.3d at 201 (quoting *United States v. Lovaglia*, 954 F.2d 811, 815 (2d Cir. 1992)).  Here, no objective, disinterested observer could seriously doubt that justice would be done absent recusal.

Courts have routinely recognized that a judge's friendship with an attorney is not a proper reason for recusal without some factual basis for inferring actual bias or prejudice.  *See, e.g.*, *United States v. Peters*, 03-CR-211S (1), 2020 WL 830425, at *3 (W.D.N.Y. Feb. 20, 2020) (noting that a judge's friendship with an attorney appearing before her is not alone sufficient to warrant recusal); *Bailey v. Broder*, No. 94 Civ. 2394 (CSH), 1997 WL 73717, at *2–4 (S.D.N.Y. Feb. 20, 1997) (same); *Minpeco S.A. v. Conticommodity Servs., Inc.*, No. 82, Civ. 7619 (MEL), 1984 WL 658, at *2 n.5 (S.D.N.Y. July 25, 1984) (noting "long line of decisions rejecting recusal where the judge is a close personal friend or acquaintance of one party's attorney"); *see also In re Complaint of Jud. Misconduct*, 816 F.3d 1266, 1268 (9th Cir. 2016) ("Indeed, friendship between a judge and a lawyer, or other participant in a trial, without more, does not require recusal.").

---

[1] Section 455(b) enumerates five specific circumstances, none of which are at issue here, in which a judge must also disqualify herself.  *See* 28 U.S.C. § 455(b)(1)–(5).

# Davis Polk

Here, Plaintiffs offer no authority, explanation, or other support for their recusal request. They merely state that the Court's "recusal from the case would be the more appropriate action," without any explanation as to why a reasonable person would doubt the Court's impartiality. (ECF No. 18.) Plaintiffs thus have not overcome the "strong presumption of a judge's impartiality." *Sacerdote v. New York Univ.*, 16 Civ. 6284 (AT), 2019 WL 2763922, at *5 (S.D.N.Y. July 1, 2019) (explaining that the "strong presumption of a judge's impartiality" "may only be overcome by adequate proof to the contrary"), *aff'd*, 9 F.4th 95 (2d Cir. 2021).

Accordingly, because the Court's impartiality may not be reasonably questioned, Defendants oppose recusal.

Respectfully submitted,


 /s/ Greg D. Andres
_____
Greg D. Andres

**Electronic Filing**