```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 02/02/2023
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------- X
TAO AN, CHUNGANG GUAN, CUI                       :
QINGYUN, HUIMIN LIN, BEILE LI,                   :
YANMING WANG, TAO ZHENG, ZHENG HU, :
YUAN CAO, LINWAN FENG,                           :
                                                 :       22-CV-10062 (VEC)
                             Plaintiffs,         :
                -against-                        :       ORDER
                                                 :
LUC A. DESPINS and PAUL HASTINGS LLP, :
                                                 :
                                                 :
                             Defendants.         :
-------------------------------------------------------------- X

VALERIE CAPRONI, United States District Judge:

   WHEREAS on January 23, 2023, the Undersigned informed the parties that she is friendly with Greg Andres, counsel for Defendants, Dkt. 17; and

   WHEREAS on January 25, 2023, Plaintiffs requested that the Undersigned recuse herself, Dkt. 18, and, on January 31, 2023, Defendants opposed that request, Dkt. 20.

   IT IS HEREBY ORDERED that Plaintiffs' request is DENIED.  A judge is required to recuse herself from "any proceeding in which [her] impartiality might reasonably be questioned." 28 U.S.C. § 455(a).  When a judge's impartiality is questioned on bias or prejudice grounds, "what matters is not the reality of bias or prejudice but its appearance." *Liteky v. United States*, 510 U.S. 540, 548 (1994).  That is, recusal is warranted if "an objective, disinterested observer fully informed of the underlying facts . . . [would] entertain significant doubt that justice would be done absent recusal." *United States v. Lovaglia*, 954 F.2d 811, 815 (2d Cir. 1992) (citations omitted).

   The cases are legion that establish that the mere fact that the Court is friendly with an attorney for a litigant does not require recusal, *see, e.g.*, *United States v. Peters*, 03-CR-211,

2020 WL 830425, at *3–4 (W.D.N.Y. Feb. 20, 2020); *Bailey v. Broder*, 94-CV-2394, 1997 WL 73717, at *2–4 (S.D.N.Y. Feb. 20, 1997), and Plaintiffs have provided no support for their argument otherwise. Pls. Letter, Dkt. 18.  It is well-established that "a judge's acquaintance with . . . an attorney . . . without some factual basis for inferring bias or prejudice, is not sufficient to warrant recusal." *Wiltshire v. Williams*, 2012 WL 899383, at *3 (S.D.N.Y. Mar. 16, 2012).  The Undersigned and Mr. Andres occasionally see each other bench, bar, and social functions.  But "a judge need not disqualify [her]self just because a friend — even a close friend — appears as a lawyer." *United States v. Murphy*, 768 F.2d 1518, 1537 (7th Cir. 1985); *see also United States v. Occhipinti*, 851 F. Supp. 523, 527 (S.D.N.Y. 1993) ("Petitioner's argument, if taken to its illogical conclusion, would have virtually every judge recuse himself or herself whenever . . . any attorney with whom he or she is acquainted for that matter, appears before the court. Accordingly, this argument is totally without merit and instantly rejected.").

While a judge is obligated to recuse herself if her impartiality might reasonably be questioned, she is also obligated not to recuse when there is no valid cause to recuse.  *See In Re Drexel Burnham Lambert Inc.*, 861 F.2d 1307, 1313–14 (2d Cir. 1988) (discussing the standard for recusal); *McKinney v. New Haven Police Dep't*, No. 17-CV-1663, 2020 WL 5833773, at *4 (D. Conn. Jan. 6, 2020) (noting that a judge is obliged to decline to recuse herself where there is no valid reason to do so).

Plaintiffs have not provided any grounds to support the conclusion that a reasonable person would harbor "significant doubt" regarding the Undersigned's impartiality.  Accordingly, Plaintiffs' motion seeking the Undersigned's recusal is DENIED.

**SO ORDERED.**

Date: February 2, 2023  
New York, New York

_____  
VALERIE CAPRONI  
United States District Judge