USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 08/02/2023

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------- X
TAO AN, CHUNGANG GUAN, CUI                  :
QINGYUN, HUIMIN LIN, BEILE LI,              :
YANMING WANG, TAO ZHENG, ZHENG HU,          :
YUAN CAO, LINWAN FENG,                      :
                                            :       22-CV-10062 (VEC)
                            Plaintiffs,     :
                                            :       OPINION & ORDER
              -against-                     :
                                            :
LUC A. DESPINS and PAUL HASTINGS LLP,       :
                                            :
                                            :
                            Defendants.     :
------------------------------------------------------------- X

VALERIE CAPRONI, United States District Judge:

      Plaintiffs are various Chinese nationals residing in the United States who have sued Paul Hastings LLP ("Paul Hastings") and one of its partners, Luc A. Despins, for allegedly violating the Foreign Agents Registration Act ("FARA"), 22 U.S.C. §§ 611–621, by failing to register as an agent of the People's Republic of China ("PRC") or the Chinese Communist Party ("CCP"). See Am. Compl., Dkt. 10. Defendants moved to dismiss the Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(1) for failing adequately to allege subject matter jurisdiction and Rule 12(b)(6) for failing to state a claim. See Defs. MTD Mem., Dkt. 15 at 1–2. Defendants also moved to sanction Plaintiffs' counsel pursuant to Rule 11(b) for bringing frivolous claims and allegedly initiating the lawsuit for an improper purpose. Defs. Sanctions Mem., Dkt. 12 at 1, 4. Plaintiffs opposed both motions. See Pls. Sanctions Opp., Dkt. 23; Pls. MTD Opp., Dkt. 22. For the following reasons, Defendants' motion to dismiss and motion for sanctions are GRANTED, and the Court awards Defendants reasonable attorneys' fees and costs.

1

## BACKGROUND

Plaintiffs allege that they are the victims of a harassment campaign brought by the CCP and PRC.  Am. Compl. ¶ 24.  Plaintiffs further allege that because Paul Hastings provided legal services related to the global public offering of Jinshang Bank, a bank controlled and operated by the CCP, it is an agent of the CCP or PRC and required to register as a foreign agent under FARA.  *Id*. ¶¶ 39–49, 51–53.  Defendants also allege that Mr. Despins is an agent of the CCP or PRC and has violated FARA's registration requirement.[1]  *See id*. ¶¶ 3, 51.

At the center of this lawsuit is self-proclaimed billionaire Mr. Ho Wan Kwok, who is not a party to this action.  On February 15, 2022, Mr. Kwok filed for bankruptcy in the United States Bankruptcy Court for the District of Connecticut.  *See generally Pac. All. Asia Opportunity Fund L.P. v. Ho Wan Kwok* (*In re* Kwok), Ch. 11 Case Nos. 22-50073, 22-5032 (Bankr. D. Conn. 2022).  The Bankruptcy Court appointed Mr. Despins, represented by Paul Hastings, as the Chapter 11 trustee of Mr. Kwok's controlled entities.  *See* Orders, Dkts. 523, 668, *In re* Kwok, Ch 11 Case Nos. 22-50073, 22-5032.

Since at least November 2022, Mr. Kwok has weaponized his active social media presence to mobilize his supporters and launch a harassment campaign against Paul Hastings, Mr. Despins, and Mr. Despins's family.  *See* Order, Dkt. 133 ¶¶ 34, 41–45, 49, *In re* Kwok, Ch 11 Case Nos. 22-50073, 22-5032 (hereinafter "Bankr. Prelim. Inj. Mem.").  Mr. Kwok has threatened Mr. Despins with "rogue's ways," and promised that Defenands "will suffer calamities."  Bankr. Prelim. Inj. Mem. ¶ 45.

---

[1] Defendants state that Mr. Despins was not involved in the Jinshang Bank transaction, and Plaintiffs do not allege any facts to suggest that Mr. Despins is in any other way connected to the People's Republic of China ("PRC") or Chinese Communist Party ("CCP").  Defs. MTD Mem., Dkt. 15 at 4.

Following Mr. Kwok's call to action, his supporters have protested outside the homes of Mr. Despins, his daughter, and his ex-wife, as well as near Paul Hasting's New York office. *See id.* ¶¶ 42–43, 52–53, 57, 69–71. They have distributed fliers that depict Mr. Despins with blood dripping from his eyes and mouth and a sickle and hammer emblazoned on his forehead, with text that refers to Defendants as "the CCP's running dog" and an "enabler" of the CCP. First Andres Decl. Ex. 22, Dkt. 13. They have also distributed materials that refer to Mr. Despins as an extortionist, an anti-Semite, and a "scumbag." *See* First Andres Decl. Exs. 15, 22–25.

The harassment campaign has also included numerous federal lawsuits alleging that those involved in Mr. Kwok's bankruptcy proceeding are agents of the PRC or CCP and have violated FARA's registration requirement. *See, e.g.*, Am. Compl., Dkt. 43 ¶ 60, *Gong v. Sarnoff et al*, No. 23-CV-343 (S.D.N.Y. Apr. 26, 2023); Compl., Dkt. 1 ¶¶ 74, 118–25, *Wyatt v. U. of Md.*, No. 23-CV-742 (D. Md. Mar. 17, 2023). Contemporaneously with filing this lawsuit, Plaintiffs sued Weijian Shan, the executive director and chairman of Mr. Kwok's largest creditor, and his son, in *An v. Shan*, No. 22-CV-10060 (S.D.N.Y. 2023), for allegedly violating FARA's registration requirement. Mr. Kwok has lauded Plaintiff Li as a "comrade[]" and posted photographs of this complaint on social media. *See* First Andres Decl. Ex. 5.

Richard Freeth, who represents the Plaintiffs in this case and in *Shan*, also represented the plaintiff in *Wyatt v. University of Maryland*, No. 23-CV-742 (D. Md. 2023). At issue in *Wyatt* was the decision of the University of Maryland, at which Mr. Shan's daughter is enrolled, to order Mr. Kwok's supporters to cease protesting on the college commons. Compl., Dkt. 1 ¶¶ 14, 16, *Wyatt*, No. 23-CV-742 (D. Md. Mar. 17, 2023). Mr. Freeth also represents the plaintiffs in *Gong v. Sarnoff*, No. 23-CV-00343 (S.D.N.Y. 2023), who accuse O'Melveny & Myers LLP and

its partner Stuart Sarnoff of "destroying the life of Ho Wan Kwok." [2] Op., Dkt. 57 at 3, *Gong*, No. 23-CV-343 (July 17, 2023) (internal quotation omitted).[3]

On January 11, 2023, the Bankruptcy Court enjoined Mr. Kwok and anyone "in active concert" with him, including Plaintiff Beile Li, from harassing or "doxing" Defendants. Order, Dkt. 134 ¶ 5, *In re* Kwok, Ch 11 Case Nos. 22-50073, 22-5032 (hereinafter "Bankr. Prelim. Inj."). In its decision, Bankruptcy Court found that Beile Li is an agent of Mr. Kwok. *Id.*

On December 15, 2022, Plaintiffs filed an amended complaint. *See* Am. Compl. On January 19, 2023, Defendants moved to dismiss the amended complaint and also moved for sanctions. *See* Mot. to Dismiss, Dkt. 14; Mot. for Sanctions, Dkt. 11.

## DISCUSSION

**I.  The Court Lacks Subject Matter Jurisdiction Over Plaintiffs' Claims**

**A.  Legal Standard**

A party who asserts that the Court has subject matter jurisdiction over a particular claim "has the burden of proving by a preponderance of the evidence that it exists." *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000). Subject matter jurisdiction exists if the case arises under federal law, *see* 28 U.S.C. § 1331, or if there is complete diversity between the parties and the amount in controversy exceeds $75,000.00, *see id*. § 1332. A court has federal question jurisdiction if a claim "aris[es] under the Constitution, laws, or treaties of the United States." *Id*. § 1331. To invoke federal question jurisdiction, a complaint must "establish[] either that federal law creates the cause of action or that the plaintiff's right to relief necessarily

---

[2]  Judge Liman recently dismissed the complaint in *Gong v. Sarnoff et al.*, No. 23-CV-343 (S.D.N.Y. 2023), for lack of subject matter jurisdiction. *See* Op., Dkt. 57, *Gong*, No. 23-CV-343 (S.D.N.Y. July 17, 2023).

[3]  Although only Richard Freeth has filed a notice of appearance on behalf of Plaintiffs, Yongbing Zhang, who represents plaintiffs in several of the parallel cases filed against Mr. Kwok's perceived adversaries, appears to have been actively involved in this litigation. *See, e.g.*, *Wyatt v. Univ. of Md.*, No. 23-CV-742 (D. Md. 2023). For example, Mr. Freeth copied Mr. Zhang on his most recent letter to this Court. Letter, Dkt. 28.

depends on resolution of a substantial question of federal law." *Perpetual Secs., Inc. v. Tang*, 290 F.3d 132, 137 (2d Cir. 2002) (cleaned up).

Plaintiffs urge the Court to find that it has federal question jurisdiction by inferring a private right of action under FARA.[4] *See* Pls. MTD Opp., Dkt. 22 ¶¶ 48–54. FARA requires any "agent of a foreign principal" to register with the Attorney General unless the entity qualifies for an exemption, and the statute vests the Attorney General with the sole authority to prosecute FARA violations.[5] 22 U.S.C. § 612; *see also id*. § 618(f) (granting the Attorney General authority to seek injunctive relief prohibiting actions taken on behalf of a foreign principal or requiring registration).

As Plaintiffs concede, there is no private right of action under FARA. *See* Am. Compl. ¶¶ 5–6. FARA vests the Attorney General with the exclusive authority to prosecute violations of the registration requirement, and there is no indication that Congress intended to create a private right of action. *See* 22 U.S.C. § 618(f). FARA's purpose is "to provide [a] centralized reporting system to track activities of agents acting on behalf of foreign countries . . . and no language in [the] statute or its legislative history suggests that Congress intended to establish [a] cause of action in any entity other than [the] Federal Government." *See, e.g.*, *Weican Meng v. Xinhuanet Co.*, 2017 WL 3175609, at *3 (S.D.N.Y. July 25, 2017) (quoting *Comm'n for a Free Namibia v. S.W. Africa People's Org.*, 554 F. Supp. 722, 722 (D.D.C. 1982)).

---

[4]    Plaintiffs do not argue or allege any facts to suggest the existence of diversity jurisdiction.

[5]    An agent of a foreign principal is "any person who acts as an agent, representative, employee, or servant, or any person who acts in any other capacity at the order, request, or under the direction or control, of a foreign principal or . . . whose activities are directly or indirectly . . . controlled . . . in whole or in major part by a foreign principal." 22 U.S.C. § 611(c). Agents of a foreign principal are exempt from FARA's registration requirement if they are "engaging . . . only (1) in private and nonpolitical activities in furtherance of the bona fide trade or commerce of such foreign principal; or (2) in other activities not serving predominantly a foreign interest." *Id*. § 613(d).

When a statute does not explicitly provide a private right of action, courts are reluctant to infer one. *See, e.g.*, *Sosa v. Alvarez-Machain*, 542 U.S. 692, 727 (2004) (noting that courts are hesitant to infer a private right of action, which "permit[s] enforcement without the check imposed by prosecutorial discretion"); *Olmsted v. Pruco Life Ins. Co. of N.J.*, 283 F.3d 429, 432 (2d Cir. 2002) ("Without congressional intent, a cause of action does not exist and courts may not create one, no matter how desirable that might be as a policy matter . . . ." *Id*. (cleaned up)). Accordingly, district courts that have considered whether FARA provides an implied private right of action have uniformly held, as far as this Court can tell, that it does not. *See, e.g.*, *Henry v. Washington*, 2022 WL 9491957, at *2 (W.D. Wash. Sept. 16, 2022), *report and recommendation adopted*, 2022 WL 9372175 (Oct. 14, 2022); *Bey v. Epstein*, 2021 WL 8155603, at *4 (D. Conn. Aug. 6, 2021) ("As a private individual, plaintiff lacks standing to sue under this statute because a private right of action cannot be inferred from FARA."); *Waterhouse v. Cufi Church Ass'n Inc.*, 2014 WL 1745098, at *3 (D. Haw. Apr. 29, 2014).

Plaintiffs acknowledge that the text of FARA and caselaw counsel against finding a private right of action but nevertheless urge the Court to infer the existence of a private right of action due to an alleged lack of enforcement by the Attorney General. *See* Am. Compl. ¶¶ 5–6. The extent to which the Attorney General chooses to enforce FARA is irrelevant. The determinative issue is legislative intent, and Plaintiffs fail adequately to allege in their Amended Complaint or to present in their opposition to the motion to dismiss any facts about the statute or its legislative history that would suggest that Congress intended for there to be a private right of action under FARA.

Even if the Court were to infer a private right of action, however, the Court would still lack subject matter jurisdiction because Plaintiffs have not shown that they have standing. It is

black-letter law that to bring a claim, a plaintiff must show "(1) an 'injury in fact,' (2) a 'causal connection' between that injury and the conduct at issue, and (3) a likelihood 'that the injury will be redressed by a favorable decision.'" *Maddox v. Bank of N.Y. Mellon Tr. Co., N.A.*, 19 F.4th 58, 62 (2d Cir. 2021) (quoting *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560–561 (1992)). Plaintiffs have alleged no facts that would permit the Court plausibly to infer that they have suffered an injury in fact that is "concrete and particularized," not "conjectural or hypothetical," let alone an injury that might conceivably be traced to Defendants' failure to register as an agent of a foreign government. *Lujan*, 504 U.S. at 560 (cleaned up).

Without subject matter jurisdiction, the Court must dismiss the case without prejudice. *See Bank v. U.S. Dep't of Health & Human Servs.*, 708 F. App'x 43, 44–45 (2d Cir. 2018) (summary order). The Court declines to grant Plaintiffs leave to amend. Plaintiffs have already amended their complaint once and failed to remedy the jurisdictional defect; granting Plaintiffs another bite at the apple would be futile.[6]

## II. Sanctions Are Appropriate Because Plaintiffs' Complaint Is Frivolous and Was Filed for an Improper Purpose

### A. Legal Standard

Federal Rule of Civil Procedure 11(b) requires an attorney presenting a filing to the court to certify that "to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances," the filing is not presented for an improper purpose, and the legal contentions are nonfrivolous and supported by the facts and law. Rule 11 also "explicitly and unambiguously imposes an affirmative duty on each attorney to conduct a reasonable inquiry into the viability of a pleading before it is signed." *Int'l Shipping Co., S.A. v.*

---

[6] Because the Court dismisses the Amended Complaint for lack of subject matter jurisdiction, the Court does not reach the merits of Defendants' motion to dismiss for failure to state a claim under Rule 12(b)(6).

*Hydra Offshore, Inc.*, 875 F.2d 388, 390 (2d Cir. 1989).  Rule 11(c)(2)'s "safe harbor" provision states that a motion for sanctions "must not be filed . . . if the challenged paper . . . is withdrawn or appropriately corrected within 21 days after service."  "If, after notice and a reasonable opportunity to respond, the court determines that Rule 11(b) has been violated, the court may impose an appropriate sanction on any attorney, law firm, or party that violated the rule . . . ."  Fed. R. Civ. P. 11(c)(1).  In addition to the authority provided by Rule 11, district courts have "inherent authority to sanction parties that appear before it acting in bad faith, vexatiously, wantonly, or for oppressive reasons."  *Sassower v. Field*, 973 F.2d 75, 80–81 (2d Cir. 1992) (citing *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44–45 (1991)).

A district court also has "broad discretion in tailoring appropriate and reasonable sanctions under rule 11."  *O'Malley v. New York City Transit Auth.*, 896 F.2d 704, 709 (2d Cir. 1990).[7]  In determining whether sanctions are appropriate, courts consider, *inter alia*, whether the improper conduct was "willful[] or negligent," whether the conduct was "part of a pattern or activity," or whether the party had "engaged in similar conduct in other litigation."[8]  *Colliton v. Cravath, Swaine & Moore LLP*, 2008 WL 4386764, at *12 (S.D.N.Y. Sept. 24, 2008).  "The sanction may include . . . reasonable attorney's fees and other expenses directly resulting from the violation."  Fed. R. Civ. P. 11(c)(4).

---

[7] Even if a court lacks subject matter jurisdiction, it retains the authority to impose sanctions against Plaintiffs and their counsel.  *See, e.g.*, *Willy v. Coastal Corp.*, 503 U.S. 131, 137–39 (1992); *Schlaifer Nance & Co., Inc. v. Est. of Warhol*, 194 F.3d 323, 333 (2d Cir. 1999).

[8] The Court may also consider whether the misconduct infected the entire pleading or only one particular count or defense; what effect the misconduct had on the litigation process in time or expense; and whether the responsible person is trained in the law.  *Colliton v. Cravath, Swaine & Moore LLP*, 2008 WL 4386764, at *12 (S.D.N.Y. Sept. 24, 2008).

### B. Plaintiffs' Claims Are Frivolous

A legal argument is frivolous pursuant to Rule 11(b)(2) if it is "clear" that there is "no chance of success and no reasonable argument to extend, modify or reverse the law as it stands" according to an "objective standard of reasonableness." *Morley v. Ciba-Geigy Corp.*, 66 F.3d 21, 25 (2d Cir. 1995) (internal quotation omitted). A reasonable inquiry would have revealed that Plaintiffs' FARA claim was patently untenable for numerous reasons, not least of which was failing adequately to allege standing.

Plaintiffs allege no facts to show that they have been "concretely harmed" by the Defendants' alleged violation of FARA as required to establish standing. *TransUnion LLC v. Ramirez*, 141 S. Ct. 2190, 2205 (2021); *see also Holcombe v. Ingredients Sols., Inc.*, 797 F. App'x 630, 632 (2d Cir. 2020) (injury-in-fact must be "concrete and particularized"). The Amended Complaint describes concrete harm experienced by only one Plaintiff, Cui Qingyun. According to the Amended Complaint, at some unspecified time[9] Mr. Qingyun and his wife's extended family lost their fortunes to the PRC and, in April 2022, the PRC "forcibly locked down" him and his immediate family and fed them only intermittently for two weeks. Am. Compl. ¶ 28. The Amended Complaint alleges no facts, however, that connect the purported mistreatment of Cui Qingyun and his family by the PRC to Mr. Despins or Paul Hastings acting as an unregistered agent of the PRC or the CCP.

As to the other nine Plaintiffs, there are no allegations of any injury suffered. Instead, Plaintiffs rely on conclusory allegations of generalized injuries, including that they were "subjected to an ongoing campaign of harassment by agents of the CCP and PRC." *Id.* ¶ 22. Conclusory statements of injury are insufficient adequately to allege standing. *See Gambles v.*

---

[9] Although the Amended Complaint does not allege a date when these confiscations occurred, it was apparently decades ago when the CCP took control of China. *See* Am. Compl. ¶ 28.

*Sterling Infosystems, Inc.*, 234 F. Supp. 3d 510, 516 (S.D.N.Y. 2017).  "Article III grants federal courts the power to redress harms that defendants caused plaintiffs, not a freewheeling power to hold defendants accountable for legal infractions."  *TransUnion LLC*, 141 S. Ct. at 2206 (internal quotation omitted).

Even if the Court found that Plaintiffs had plausibly alleged some concrete injury, Plaintiffs have alleged no facts from which the Court can reasonably infer that Paul Hastings' provision of legal services to Jinshang Bank is an activity "directly or indirectly . . . controlled . . . in whole or in part by a foreign principal" such that Paul Hastings qualifies as an "agent of a foreign principal" within the meaning of FARA.  22 U.S.C. § 611(c).  As thin as the allegations are against Paul Hastings, they are even thinner against Mr. Despins.  The Amended Complaint alleges *no* facts specific to Mr. Despins beyond the fact that he is a resident of Connecticut.  Am. Compl. ¶ 20.  And even if Plaintiffs had alleged facts from which it would be plausible to infer that either Defendant was an agent of the PRC or CCP that is required to register pursuant to FARA, they do not explain how whatever harm they experienced is "fairly traceable" to Defendants' failure to register.  *Lujan*, 504 U.S. at 560.  Plaintiffs allege that Defendants "intimidated [them] into refraining from exercising their rights," Am. Compl. ¶ 25, but fail plausibly to allege any specific facts in support of this conclusory allegation or explain how registering as foreign agents would have prevented Defendants from inflicting this harm.[10]

Because even a cursory inquiry would have shown that the facts as alleged in the Amended Complaint fell far short of the threshold required to establish standing, Plaintiffs'

---

10      Plaintiffs also seem to argue that, because Paul Hastings provided legal services to Jinshang Bank, Defendants are responsible for any harm caused by the CCP or PRC.  *See* Am. Compl. ¶¶ 39–49, 51–53.  This claim is so tenuous as to be absurd.  Plaintiffs also do not allege that Mr. Despins is connected to the CCP or PRC at all.

counsel clearly failed to fulfill the "affirmative duty on each attorney to conduct a reasonable inquiry into the viability of the pleading before it is signed." *Int'l Shipping Co., S.A.*, 875 F.2d at 390 (internal quotation omitted). This is particularly true because Defendants notified Plaintiffs that Defendants believed that the complaint "plainly was filed for the improper purpose of furthering Ho Wan Kwok's ongoing campaign to harass and intimidate Defendants," and that Plaintiffs' complaint was frivolous because FARA does not provide for a private right of action. *See* First Andres Decl. Ex. 1 at 1–2.

The Court finds that sanctions are appropriate. Defendants complied with Rule 11's safe harbor provision: they gave Plaintiffs notice of their intent to file sanctions because the complaint Plaintiffs filed was frivolous and served the Rule 11 motion papers to the last known address of Plaintiff's office more than twenty-one days before moving for sanctions.[11] *See* Fed. R. Civ. P. 11(c)(2). Plaintiffs persisted by filing an Amended Complaint that cured none of the deficiencies Defendants had identified. *See* First Andres Decl. ¶ 2.

---

[11] In what itself may well be a sanctionable argument, Mr. Freeth argues that Defendants did not comply with Rule 11's safe harbor provision because Defendants' service of the motion for sanctions was defective. Pls. Sanctions Opp., Dkt. 23 ¶¶ 7–8. This argument reeks of gamesmanship. Defendants properly served Mr. Freeth. Federal Rule of Civil Procedure 11(c)(2) requires a motion for sanctions to be served in accordance with Rule 5, which permits service by several methods, including "mailing it to the person's last known address," "handing it to the person," or leaving it "at the person's office." Fed. R. Civ. P. 5(b)(2)(B). As long as the sender mailed the documents to the recipient's last known address, however, service is considered complete, even if the recipient did not receive the mail. *See, e.g.*, *Greene v. WCI Holdings Corp.*, 136 F.3d 313, 315 (2d Cir. 1998).

Mr. Freeth's last known address is his office address, which he has listed on all of the papers that he has filed in this case, on ECF, and which is on record with the First Judicial Department in connection with his registration to practice law in New York. *See* Second Andres Decl. Ex. 5, Dkt. 26. ECF Rule 20.6 requires attorneys to keep their addressees current. *See* ECF Rules and Instructions (July 24, 2023), available at https://www.nysd.uscourts. gov/rules/ecf-related-instructions. On December 27, 2022, Defendants served Mr. Freeth via mail and in-person service at the last known address of his office. *See* Second Andres Decl. ¶¶ 12–13. Defendants also requested that Mr. Freeth provide a new address, but he did not do so. *See id.* ¶ 15. Because Defendants complied with Rule 11's safe harbor provision, Mr. Freeth cannot argue that Plaintiffs did not have a reasonable opportunity to respond.

### C. Plaintiffs Filed the Lawsuit To Harass Defendants

Pursuant to Rule 11(b)(1), an attorney cannot present a filing "for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation." Fed. R. Civ. P. 11(b)(1). A court may infer an improper purpose if, in light of Plaintiffs' conduct during and outside of litigation, a complaint is so baseless as to suggest that there is an ulterior motive behind the lawsuit. *See, e.g.*, *S. Pac. Shipping Co. v. Redi-Fresh Produce Inc.,* 2014 WL 6968039, at *10 (S.D.N.Y. Dec. 9, 2014) (holding that "the deficiency of [plaintiff's] claim, coupled with its behavior" in litigation in that and other courts "gives rise to an inference of improper purpose"); *see also Schlaifer Nance & Co, Inc.. v. Estate of Warhol*, 194 F.3d 323, 338 (2d Cir. 1999) (a court can infer bad faith when an action is "so completely without merit as to require the conclusion [it] must have been undertaken for some improper purpose," *id*. (cleaned up)).

In this case, the context of Plaintiffs' filing demonstrates Plaintiffs' complete disregard for "legal merit." *Galonsky v. Williams*, 1997 WL 759445, at *4–5 (S.D.N.Y. Dec. 10, 1997). Plaintiffs failed to withdraw their complaint after the Bankruptcy Court enjoined Plaintiff Li and those "in active concert" with him from making baseless claims that Paul Hasting was an agent of the CCP. *See* Bankr. Prelim. Inj. at 60. Plaintiffs continued to violate that injunction even after Defendants notified Plaintiffs' counsel of numerous deficiencies in the complaint, which Mr. Feeth failed to cure when he subsequently filed the Amended Complaint. *See id.*; First Andres Decl. Ex. 1 at 1–2.

Plaintiffs' papers reveal that their true preoccupation is with Mr. Kwok and trying to "defend" him by harassing those perceived to be his adversaries. Plaintiffs contend that Mr. Kwok's bankruptcy proceeding is "irrelevant" but nevertheless devote roughly half of their opposition to Defendants' motion to dismiss discussing Mr. Kwok's supposed "fight against the

12

CCP." Pls. MTD Opp. ¶ 19; *see also See* Pls. Sanctions Opp. ¶ 16; Pls. MTD Opp. ¶¶ 13–47. Plaintiffs baselessly assert, with no factual allegations to support their conclusion, that Mr. Despins "has behaved thoroughly adverse to Mr. Kwok throughout the proceedings, rather than serving as trustee in a neutral manner," Pls. MTD Opp. ¶ 41, as though that somehow explains why people other than Mr. Kwok might have a cause of action against Mr. Despins.

The existence of similar litigation in other courts further supports the Court's finding that Plaintiffs filed this lawsuit in bad faith. Plaintiffs' counsel has a pattern of bringing meritless FARA claims against Mr. Kwok's adversaries — conduct that he has praised.[12] The copy-and-paste nature of these numerous lawsuits is evident from the fact that Plaintiffs' complaint contains an out-of-place paragraph that alleges "Defendant Bo Shan is also working as a spy for the CCP." Am. Compl. ¶ 50.

Together, Plaintiffs' legal contentions within this lawsuit, Plaintiff's counsel's history of meritless FARA claims against others, and the harassment campaign against Defendants as documented by the Bankruptcy Court lead the Court to conclude that this lawsuit is just another part of a campaign of misbehavior designed to vex Defendants, most likely by frustrating Mr. Despins's ability to perform his duties as trustee. As such, the Court finds that sanctions are appropriate.

Rule 11(c) enables courts to impose a sanction that "suffices to deter repetition of the conduct or comparable conduct by others similarly situated." Fed. R. Civ. P. 11(c)(4). Attorneys' fees are an appropriate remedy to prevent harassment in the form of bad-faith litigation, especially when the sanctioned party has failed to comply with prior court orders. *See Pentagen Techs. Int'l Ltd. v. United States*, 172 F. Supp. 2d 464, 473–474 (S.D.N.Y. 2001)

---

[12] *See supra*, pp. 3–4.

(imposing sanctions and awarding attorneys' fees to punish plaintiffs for "engag[ing] in a pattern of litigation designed to evade previous rulings" that was "frivolous and repetitive . . . [and] intentionally so"), *aff'd*, 63 F. App'x 548 (2d Cir. 2003). "It is well settled that Rule 11 empowers judges with discretion to award that portion of a defendant's attorney's fees thought reasonable to serve the sanctioning purpose of the Rule." *Int'l Shipping Co., S.A.*, 875 F.2d at 392. The Court finds that an award of the full amount of reasonable attorneys fees is an appropriate sanction and not more punitive than necessary in light of Plaintiffs' counsel's complete disregard for the merits of Plaintiffs' claims, his gamesmanship, and both Plaintiffs' and Plaintiffs' counsel's defiance of the Bankruptcy Court's injunction.

Rule 11 "authorizes assessment of a fee against counsel, a party, or both." *Eastway Constr. Corp. v. City of New York*, 821 F.2d 121, 124 (2d Cir. 1987). Here, certain aspects of Plaintiffs' lawsuit are "issue[s] over which counsel exercise[d] principal responsibility," *United Republic Ins. Co., in Receivership v. Chase Manhattan Bank*, 315 F.3d 168, 171 (2d Cir. 2003), like ensuring that the complaints filed met a minimum merit threshold and pled adequate facts to establish subject matter jurisdiction. Plaintiffs' behavior — including their decision to pursue this lawsuit after the Bankruptcy Court's injunction — demonstrates, however, that Plaintiffs also bear responsibility for the harassment and frivolity of this lawsuit. In light of this, the Court imposes the fee award jointly and severally upon Plaintiffs and Plaintiffs' counsel.

## CONCLUSION

For the foregoing reasons, Defendants' motion to dismiss and motion for reasonable attorneys' fees and costs as sanctions are GRANTED. The Amended Complaint is DISMISSED without prejudice. Defendants must submit an application for attorney's fees and costs not later

than **August 11, 2023**.  The Clerk of Court is respectfully directed to terminate the open motions at docket entries 11 and 14.


**SO ORDERED.**

Date:  August 2, 2023
New York, New York

                                                                    **VALERIE CAPRONI**
                                                                      **United States District Judge**