IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| TAO AN, CHUNGANG GUAN,<br>CUI QINGYUN, HUIMIN LIN,<br>BEILE LI, YANMING WANG,<br>TAO ZHENG, ZHENG HU,<br>YUAN CAO, LINWAN FENG,<br><br>      Plaintiffs,<br><br>v.<br><br>LUC A. DESPINS,<br>PAUL HASTINGS LLP,<br><br>      Defendants. | Civil Action No. 1:22-CV-10062 |

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' APPLICATION FOR REASONABLE ATTORNEYS' FEES AND COSTS AWARDED AS RULE 11 SANCTIONS PURSUANT TO THE COURT'S AUGUST 2, 2023 ORDER

Dated:   August 11, 2023

Greg D. Andres
Gina Cora
DAVIS POLK & WARDWELL LLP
450 Lexington Avenue
New York, New York 10017
(212) 450-4766

*Counsel for Defendants Luc A. Despins
and Paul Hastings LLP*

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................................................... i

I.   APPLICABLE LAW ..................................................................................................2

    A.   The Second Circuit Applies the "Presumptively Reasonable Fee" Standard
        To Calculate Attorneys' Fees ........................................................................... 2

        1. The "Presumptively Reasonable" Hourly Rate Is Determined According to the
        Market Rates of Similarly Situated Lawyers .............................................. 2

        2. The Award Amount Must Be Calculated in Reference to Time Actually Spent .... 3

        3. The Court Should Also Consider Additional Factors that Contribute to the
        Determination of a "Reasonable" Fee ........................................................ 4

    B.   Costs Related to the Litigation Are Routinely Recoverable ....................................... 4

II.  DEFENDANTS' CALCULATION OF REASONABLE ATTORNEYS' FEES AND
    COSTS ..........................................................................................................................4

    A.   Defendants' Attorneys' Fees Are Reasonable ................................................ 4

        1. The Hourly Rates Charged Are Reasonable ............................................... 5

        2. The Number of Hours Expended Are Reasonable ..................................... 6

        3. Additional Factors Support the Reasonableness of Defendants' Attorneys' Fees.. 7

    B.   Defendants' Costs Are Reasonable ................................................................. 9

    C.   Defendants' Total Attorneys' Fees and Costs Calculation ............................. 9

CONCLUSION ..............................................................................................................10

## TABLE OF AUTHORITIES

P<small>AGE</small>(<small>S</small>)

C<small>ASES</small>

*Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cnty. of Albany &
Albany Cnty. Bd. of Elec.*,
  522 F.3d 182 (2d Cir. 2007) .................................................................................. 2, 4, 7

*Black v. Nunwood, Inc.*,
  No. 1:13-cv-7207-GHW, 2015 WL 1958917 (S.D.N.Y. Apr. 30, 2015) ............................ 3

*Blue Citi, LLC v. 5Barz Int'l Inc.*,
  No. 16-CV-9027 (VEC), 2017 WL 11568966 (S.D.N.Y. Aug. 28, 2017) ......................... 3

*Donovan v. CSEA Local Union 1000*,
  784 F.2d 98 (2d Cir. 1986) ........................................................................................... 3

*Gierlinger v. Gleason*,
  160 F.3d 858 (2d Cir. 1998) ...................................................................................... 2, 6

*Hancock v. I.C. Sys., Inc.*,
  592 F. Supp. 3d 250 (S.D.N.Y. 2022) .................................................................... 3, 4, 9

*Hensley v. Eckerhart*,
  461 U.S. 424 (1983) ................................................................................................ 2, 3, 7

*Matellier v. Artex Creative Int'l Corp.*,
  687 F. Supp. 2d 347 (S.D.N.Y. 2010) ............................................................................ 4

*McDonald ex rel. Prendergast v. Pension Plan of the NYSA-ILA Pension Tr. Fund*,
  450 F.3d 91 (2d Cir. 2006) ........................................................................................... 3

*Nat. Res. Def. Council, Inc. v. Fox*,
  129 F. Supp. 2d 666 (S.D.N.Y. 2001) ........................................................................... 3

*Reiter v. MTA N.Y. City Transit Auth.*,
  457 F.3d 224 (2d Cir. 2006) ......................................................................................... 2

*Restivo v. Hessemann*,
  846 F.3d 547 (2d Cir. 2017) ......................................................................................... 2

*Simmons v. N.Y.C. Transit Auth.*,
    575 F.3d 170 (2d Cir. 2009) .................................................................................................. 2

*In re Stock Exchs. Options Trading Antitrust Litig.*,
    No. 99 Civ. 0962 (RCC), 2006 WL 3498590 (S.D.N.Y. Dec. 4, 2006) ........................... 2, 5

OTHER AUTHORITIES

Davis Polk earns top rankings in *Chambers USA* 2023,
    https://www.davispolk.com/news/davis-polk-earns-top-rankings-chambers-usa-2023
    (June 8, 2023) ....................................................................................................................... 5

Defendants Luc A. Despins and Paul Hastings LLP ("Paul Hastings") respectfully submit this memorandum of law in support of their application for reasonable attorneys' fees and costs awarded pursuant to the Court's August 2, 2023 order (Dkt. No. 29 (the "Order")). The Order granted Defendants' motion to dismiss Plaintiffs' amended complaint and granted Defendants' motion for Rule 11 sanctions because, *inter alia*, "Plaintiffs' FARA claim was patently untenable for numerous reasons" and "this lawsuit is just another part of a campaign of misbehavior designed to vex Defendants, mostly likely by frustrating Mr. Despins's ability to perform his duties as trustee." (Order at 9, 13.) The Court awarded sanctions in the form of reasonable attorneys' fees and costs to be paid jointly and severally by Plaintiffs Tao An, Chungang Guan, Cui Qingyun, Huimin Lin, Beile Li, Yanming Wang, Tao Zheng, Zheng Hu, Yuan Cao, and Linwan Feng (collectively, "Plaintiffs") and Plaintiffs' counsel, Richard Freeth and Yongbing Zhang.[1] (*Id.* at 14.)

The Order directed that Defendants submit an application for reasonable attorneys' fees and costs on or before August 11, 2023. (*Id.* at 14–15.) Defendants submit their application through the accompanying declaration of Greg D. Andres (the "Andres Decl.") and its attached exhibits, as well as this memorandum that provides legal support for the reasonableness of the requested amount of fees and costs (totaling $327,222.50) as a matter of law.

---

[1] The Order "imposes the fee award jointly severally upon Plaintiffs and Plaintiffs' counsel." (Order at 14.) The Order notes that "[a]though Richard Freeth has filed a notice of appearance on behalf of Plaintiffs, Yongbing Zhang . . . appears to have been actively involved in this litigation." (*Id.* at 4, n. 3.) The Court is correct. In addition to being copied on correspondence to the Court, as the Court recognizes (*id.*), Mr. Zhang also signed both the Amended Complaint (*see* Dkt. No. 10 at 9–10) and the original complaint (*see* Dkt. No. 1 at 7). Mr. Zhang also appears to be an associate of Mr. Kwok. (*See* Defendants' Rule 11 Mot. (Dkt. No. 12) at 3, 8–9, 11; Andres' Declaration (Dkt. No. 13), Exs. 8–9, 11.)

I.     APPLICABLE LAW

    A.     **The Second Circuit Applies the "Presumptively Reasonable Fee" Standard To Calculate Attorneys' Fees**

As a general matter, district courts exercise broad discretion in determining whether attorneys' fees and costs are reasonable. *See Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983). In deciding the amount of fees to award, the Second Circuit applies the "presumptively reasonable fee" standard. *Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cnty. of Albany & Albany Cnty. Bd. of Elec.*, 522 F.3d 182, 190 (2d Cir. 2008). This standard requires the district court to consider a number of "case-specific variables" that are relevant to the reasonableness of attorneys' fees, including the attorneys' reasonable hourly rate, whether the time spent was "reasonably expended," and additional factors indicating "what a reasonable, paying client would be willing to pay." *Id.* at 184, 190.

        1.     **The "Presumptively Reasonable" Hourly Rate Is Determined According to the Market Rates of Similarly Situated Lawyers**

In determining what a "presumptively reasonable" hourly rate is, district courts "generally use the hourly rates employed in the district in which the reviewing court sits." *Restivo v. Hessemann*, 846 F.3d 547, 590 (2d Cir. 2017) (quoting *Simmons v. N.Y.C. Transit Auth.*, 575 F.3d 170, 174 (2d Cir. 2009)). Those hourly rates "are the market rates 'prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation.'" *Gierlinger v. Gleason*, 160 F.3d 858, 882 (2d Cir. 1998) (quoting *Blum v. Stenson*, 465 U.S. 886, 896 n.11 (1984)). These rates should be "current rather than historic hourly rates." *Reiter v. MTA N.Y. City Transit Auth.*, 457 F.3d 224, 232 (2d Cir. 2006) (internal quotation marks and citations omitted). Additionally, an "attorney's customary billing rate for fee-paying clients is ordinarily the best evidence of the market rate." *In re Stock Exchs. Options Trading Antitrust Litig.*, No. 99 Civ. 0962 (RCC), 2006 WL 3498590, at *9 (S.D.N.Y. Dec. 4, 2006).

2

This is because "the range of rates that . . . counsel actually charges their clients . . . is obviously strong evidence of what the market will bear." *Hancock v. I.C. System, Inc.*, 592 F. Supp. 3d 250, 255 (S.D.N.Y. 2022) (internal quotation marks and citations omitted).

### 2. The Award Amount Must Be Calculated in Reference to Time Actually Spent

Only hours "reasonably expended" are to be awarded. *Hensley v. Eckerhart*, 461 U.S. 424, 434–35 (1983). Time "reasonably expended" is equivalent to the time actually spent, unless it is "excessive, redundant, or otherwise unnecessary." *Id.* at 434. To calculate "reasonably expended" hours, "the prevailing party's fee application must be supported by contemporaneous time records, affidavits, and other materials." *McDonald ex rel Prendergast v. Pension Plan of the NYSA-ILA Pension Tr. Fund*, 450 F.3d 91, 96 (2d Cir. 2006) (internal citations omitted); *see also Blue Citi, LLC v. 5Barz Int'l Inc.*, 16-cv-9027 (VEC), 2017 WL 11568966, at *6 (S.D.N.Y. Aug. 28, 2017) (providing that computer printouts, such as invoices, will suffice for the requirement of contemporaneous time records).

In addition to time expended on the main claim, courts in this district have routinely held that a "fee application is a necessary part of the award of attorney's fees," and, as such, that "a reasonable amount should be granted for time spent in applying for the award." *Nat. Res. Def. Council, Inc. v. Fox*, 129 F. Supp. 2d 666, 675 (S.D.N.Y. 2001) (quoting *Donovan v. CSEA Local Union 1000*, 784 F.2d 98, 106 (2d Cir. 1986)); *see also Black v. Nunwood, Inc.*, No. 1:13-CV-7207-GHW, 2015 WL 1958917, at *7 (S.D.N.Y. Apr. 30, 2015) (internal citations omitted) (noting that awards for time spent on fee applications are usually limited in comparison to fees awarded on main claims).

### 3. The Court Should Also Consider Additional Factors that Contribute to the Determination of a "Reasonable" Fee

In addition to considering the reasonable hourly rate and time reasonably spent, the court should also weigh additional factors that shape "what a reasonable, paying client would be willing to pay." *Arbor Hill*, 522 F.3d at 184. These factors include "the complexity and difficulty of the case, the available expertise and capacity of the client's other counsel (if any), the resources required to prosecute the case effectively (taking account of the resources being marshaled on the other side but not endorsing scorched earth tactics), the timing demands of the case . . . and other returns (such as reputation, etc.) that an attorney might expect from the representation." *Id.* In weighing these factors, district courts "should also bear in mind that a reasonable, paying client wishes to spend the minimum necessary to litigate the case effectively." *Id.* at 190.

### B. Costs Related to the Litigation Are Routinely Recoverable

Expenses related to court filing fees, service, and shipping fees are "routinely recoverable as litigation costs." *Hancock*, 592 F. Supp. 3d at 258 (internal citations omitted) (approving plaintiff's claimed costs consisting of expenses related to filing, service, and postage); *see, e.g.*, *Matellier v. Artex Creative International Corp.*, 687 F. Supp. 2d 347, 365 (S.D.N.Y. 2010) (explaining that costs such as the ones described above are "typically awarded").

## II. DEFENDANTS' CALCULATION OF REASONABLE ATTORNEYS' FEES AND COSTS

### A. Defendants' Attorneys' Fees Are Reasonable

The amount of attorneys' fees that Defendants seek meets the "presumptively reasonable" fee standard. As explained below, the hourly rate, hours expended, and additional factors related to timing, complexity, and burden all weigh in favor of the reasonableness of the requested fee amount. In addition, Defendants have taken a conservative approach to seeking

reimbursement of reasonable fees and costs, meaning they are not seeking reimbursement for several timekeepers and time not associated with the motions, even though much of that time was necessitated by Plaintiffs' frivolous complaint.

### 1. The Hourly Rates Charged Are Reasonable

Defendants' counsel, Davis Polk & Wardwell LLP ("Davis Polk") charged Defendants rates that are discounted from their standard hourly rates. Andres Decl. at ¶¶ 3–6. Because these are Davis Polk's "customary billing rate[s]," which Defendants are willing to pay and have paid (*id.* at ¶¶ 16, 18, 20), they are "the best evidence" of market rates. *Stock Exchs. Options Trading*, 2006 WL 3498590 at *9.

Moreover, the rates Davis Polk charged Defendants are consistent with the rates charged by similarly situated law firms of equivalent skill, status, and reputation. Davis Polk is a preeminent law firm that advises industry-leading companies, law firms, and financial institutions on complex legal matters. Andres Decl. at ¶ 2. It is highly regarded and has received numerous accolades from legal rankings organizations, such as *Chambers USA*.[2] *Id*. Davis Polk's lead counsel on this matter, Greg D. Andres, is co-head of Davis Polk's White Collar Defense & Investigations practice and one of *Benchmark Litigation*'s "Top 100 Trial Lawyers." *Id.* at ¶ 3. He has been a litigator for more than twenty years and is specifically experienced in the Foreign Agent Registration Act ("FARA"), having been among the prosecutors assigned to Special Counsel Robert Mueller's successful prosecution of Paul Manafort for, *inter alia*, failing to register as a foreign agent under FARA. *Id.*

The other members of the Davis Polk team are each very qualified litigators. *Id.* at ¶¶ 4–6. Gina Cora is counsel in Davis Polk's Civil Litigation practice. *Id.* at ¶ 4. She earned her J.D.

---

[2] *See* Davis Polk, *Davis Polk Earns Top Rankings in* Chambers USA 2023, Davis Polk (June 8, 2023), https://www.davispolk.com/news/davis-polk-earns-top-rankings-chambers-usa-2023.

from Yale Law School and was a law clerk to the Honorable Richard J. Sullivan when he was a District Court Judge for the United States District Court, Southern District of New York. *Id.* Ms. Cora has practiced for over a decade at Davis Polk, where she regularly advises clients in connection with a variety of civil litigation matters, including representing law firms facing complex claims. *Id.* Kate Mathews is an associate in Davis Polk's White Collar Defense and Investigations practice. She joined the firm's litigation practice after earning her J.D. from Georgetown University Law Center. *Id.* at ¶ 5. Ms. Mathews completed two federal clerkships, one of which was for the Honorable Reena Raggi, U.S. Court of Appeals, Second Circuit. *Id.* Kathleen M. Lewis is a litigation associate at Davis Polk. *Id.* at ¶ 6. She joined the firm's litigation practice after earning her J.D. from New York University School of Law and completing a clerkship with the Honorable Andrew E. Krause, Magistrate Judge, U.S. District Court for the Southern District of New York. *Id.*

Based on public filings by peer firms that disclose their 2022 and/or 2023 rates, Davis Polk's peer firms charge hourly rates in the range of $1,250 to $2,230 for partners, $1,210 to $2,095 for counsel, and $550 to $1,475 for associates. *Id.* at ¶¶ 7–15 (Exs. 1–8). The rates charged by Davis Polk to Defendants are squarely within this range: $1,592 (in 2022) and $1,760 (in 2023) for partners; $1,308 (in 2022) and $1,440 (in 2023) for counsel; and $796 (in 2022) and $895 (in 2023) for associates. *Id.* at ¶¶ 3–6. Because Davis Polk's rates are commensurate with rates charged by similarly situated firms, those rates are "presumptively reasonable." *See Gierlinger*, 160 F.3d at 882.

### 2.  The Number of Hours Expended Are Reasonable

Defendants' fee application seeks attorneys' fees related to litigating Defendants' motion to dismiss Plaintiffs' amended complaint and motion for Rule 11 sanctions, including preparing the opening and reply briefs in support of each motion. Defendants also seek fees associated

with preparing this fee application. The number of hours expended on these tasks, as detailed in the invoices provided, is reasonable, particularly because Defendants are seeking reimbursement only for the fees charged by the core team members, who were Mr. Andres, one counsel, and two associates, related to the motions. *Id.* at ¶¶ 3–6. These hours include time spent conducting legal research, drafting, conferring with the clients and team members, and corresponding with Plaintiffs' counsel. Defendants are also seeking reimbursement related to handling service of process issues. As the Court found in its Order, Plaintiffs' counsel engaged in "gamesmanship" with respect to service of Defendants' Rule 11 motion (Order at 11, n. 11), and this gamesmanship resulted in Defendants incurring additional fees and costs, as explained in more detail in the following section.

Because the time sought to be reimbursed is not "excessive, redundant, or otherwise unnecessary," the hours expended are reasonable and should be fully compensated. *See Hensley*, 461 U.S. at 434.

### 3. Additional Factors Support the Reasonableness of Defendants' Attorneys' Fees

Additional factors articulated in *Arbor Hill* support Defendants' fee calculation, including the increased burden on Defendants and their counsel due to Plaintiffs' counsel's sanctionable conduct and gamesmanship. *See Arbor Hill*, 522 F.3d at 184. Because of the harassing and frivolous nature of Plaintiffs' complaint, Defendants moved as quickly as feasible to seek dismissal and Rule 11 sanctions. Plaintiffs filed their complaint on November 28, 2022 and their amended complaint on December 15, 2022. (*See* Dkt. Nos. 1, 10.) Defendants caused their Rule 11 motion to be served on Plaintiffs' counsel on December 23, 2022 (by mail) and December 27, 2022 (in person), in order to comply with Rule 11's 21-day safe harbor provision. (*See* Andres' Reply Declaration, Dkt. No. 26, ¶¶ 5–14.) After the 21 days elapsed, Defendants simultaneously

filed their sanctions motion and motion to dismiss on January 19, 2023. (*See* Dkt. Nos. 11–15.) Accordingly, Defendants were able to move to dismiss, and for related sanctions, within 35 days after Plaintiffs' amended complaint was filed while also complying with Rule 11's safe harbor provision. Moving so quickly, particularly over the holiday season, added difficulty and burden to the defense of the case.

In addition, while Plaintiffs' FARA claim was legally frivolous, Defendants' counsel had to spend considerable time and effort to explain, in their Rule 11 motion papers, the harassment campaign being waged against Defendants by non-party Ho Wan Kwok. Defendants attached 29 exhibits to Mr. Andres's declaration in support of Defendants' motion for Rule 11 sanctions, several of which included unofficial translations, in order to provide the Court with the facts necessary to find, as the Court did, that Mr. Kwok is "[a]t the center of this lawsuit" and "has weaponized his active social media presence to mobilize his supporters and launch a harassment campaign against Paul Hastings, Mr. Despins, and Mr. Despins's family." (Order at 2; *see* Andres' Declaration, Dkt. No. 13.)

Finally, in opposition to Defendants' Rule 11 motion, Plaintiffs' counsel argued that "Defendants did not comply with Rule 11's safe harbor provision because Defendants' service of the motion for sanctions was defective." (Order at 11, n. 11.) That argument was baseless and, in the Court's words, "reek[ed] of gamesmanship." (*Id.*) Advancing that meritless argument also caused Defendants additional burden and expense because they were compelled to submit an attorney declaration with their reply brief to set forth the facts undercutting Plaintiffs' argument. (*See* Andres' Reply Declaration, Dkt. No. 26.) If Plaintiffs' counsel had not advanced baseless service-related arguments, Defendants would not have had to prepare a declaration on reply.

8

### B. Defendants' Costs Are Reasonable

Defendants seek to recover costs in the amount of $843, consisting of costs associated with service of the Rule 11 motion on Plaintiffs' counsel. *See* Andres Decl. at ¶¶ 22–23 (Exs. 15–16). As such expenses are "routinely recoverable as litigation costs," these *de minimis* costs should be recovered in their full amount. *See Hancock*, 592 F. Supp. 3d at 258.

### C. Defendants' Total Attorneys' Fees and Costs Calculation

Defendants' total attorneys' fees and costs of $327,222.50 is explained and substantiated in Mr. Andres' declaration and the exhibits attached thereto. *See* Andres Decl. at ¶¶ 16–24 (Exs. 9–16). The total reflects 288.7 attorney hours related to litigating the motions to dismiss and for sanctions, totaling $302,789.50 (*id.* ¶¶ 16–21 (Exs. 9–14)); 16 attorney hours spent preparing this fee application, totaling $23,590 (*id.* ¶ 24); and $843 of costs (*id.* ¶¶ 22–23 (Exs. 15–16)).

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court award Defendants $327,222.50 in attorneys' fees and costs as Rule 11 sanctions jointly and severally against Plaintiffs and Plaintiffs' counsel, pursuant to the Court's Order.

Dated: August 11, 2023                    Respectfully submitted,

/s/ Greg D. Andres
Greg D. Andres
Gina Cora
DAVIS POLK & WARDWELL LLP
450 Lexington Avenue
New York, New York 10017
(212) 450-4766

*Counsel for Defendants Luc A. Despins and Paul Hastings LLP*