IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
_____

| | | |
|---|---|---|
| TAO AN, CHUNGANG GUAN,<br>CUI QINGYUN, HUIMIN LIN,<br>BEILE LI, YANMING WANG,<br>TAO ZHENG, ZHENG HU<br>YUAN CAO, LINWAN FENG, | )<br>)<br>)<br>)<br>)<br>) | |
| Plaintiffs, | ) | Civil Action No. 1:22-cv-10062 |
| v. | ) | |
| | ) | |
| LUC A. DESPINS,<br>PAUL HASTINGS LLP, | )<br>) | |
| | ) | |
| Defendants. | )<br>) | |
| _____ | ) | |

## PLAINTIFFS' MEMORANDUM IN RESPONSE TO DEFENDANTS'APPLICATION FOR FEES AND COSTS

### INTRODUCTION

The Defendants' counsel has submitted a claim for legal fees which we believe to be grossly excessive. In a case where counsel had, in essence, litigated two motions -- one to dismiss and the other for Rule 11 sanctions -- both of which they averred were forgone conclusions in their favor. If the relief they sought in their motions was so obviously warranted to be in their favor, as they argued, it simply should not have taken in excess of $300,000 in legal fees to accomplish. The rates applied are also unreasonable, the number of attorneys was excessive, and the amount of hours spent were excessive. If the Court is to award fees, it is respectfully requested that the amount be reasonable. The amount sought is clearly not reasonable.

### CASE LAW ON LEGAL FEE AWARD CALCULATION

Courts have discretion to determine the amount of attorney's fees appropriate to satisfy a fee award. Hensley v. Eckerhart, 461 U.S. 424, 437, 103 S. Ct. 1933, 76 L. Ed. 2d 40 (1983). The Second Circuit has directed that, in determining appropriate fees, district courts set a reasonable hourly rate, bearing in mind all the case-specific variables the Second Circuit and other courts have identified as relevant to the

reasonableness of attorney's fees, and then use the reasonable hourly rate. Hensley v. Eckerhart, 461 U.S. 424, 433, 103 S. Ct. 1933, 76 L. Ed. 2d 40 (1983). The presumptively reasonable fee is "the rate a paying client would be willing to pay," bearing in mind "that a reasonable, paying client wishes to spend the minimum necessary to litigate the case effectively." Arbor Hill, 522 F.3d at 190. A "reasonable hourly rate," in turn, is "the rate a paying client would be willing to pay," taking into account, "among others," (i) "the time and labor required," (ii) "the amount involved in the case and the results obtained," and (iii) "the experience, reputation, and ability of the attorneys." Arbor Hill, 522 F.3d at 190, 187 n. 3.

In calculating reasonable attorneys' fees, district courts typically multiply the hours reasonably expended by a reasonable hourly rate for attorneys in the district in which the court sits, to determine the "presumptively reasonable fee." See McDaniel v. County of Schenectady, 595 F.3d 411, 417 n.2 (2d Cir. 2010); Simmons v. N.Y. City Transit Auth., 575 F.3d 170, 174 (2d Cir. 2009); Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cnty. of Albany & Albany Cnty. Bd. of Elections, 522 F.3d 182, 190 (2d Cir. 2008); see also Hensley v. Eckerhart, 461 U.S. 424, 433, 103 S. Ct. 1933, 76 L. Ed. 2d 40 (1983). "The reasonable hourly rate is the rate a paying client would be willing to pay," bearing in mind that "a reasonable, paying client wishes to spend the minimum necessary to litigate the case effectively." Arbor Hill, 522 F.3d at 190. In setting the "reasonable hourly rate," the court should consider the "case specific variables" that the Second Circuit and other courts have "identified as relevant to the reasonableness of attorney's fees." Id. Those variables include the time and labor required to litigate the case, the novelty and difficulty of the issues and level of skill necessary to address them, the attorneys' customary hourly rates and their experience, reputation and ability, and the nature and length of the professional relationship with the client.

### REVIEW OF DEFENDANTS' PROFFERED EVIDENCE AND ARGUMENT IN SUPPORT OF THE CLAIM FOR FEES

First, Defendants' Counsel's evidence is insufficient to support its claim here for fees – which is in excess of $300,000. In fact, it is insufficient for any amount because Exhibits 9, 10, 11, 12, 13 and 14 which

would appear to be the only exhibits are actually materially relevant to the Defendants Counsel's work on this case, each fail for numerous reasons:

1) There is no authentication that any of these exhibits is what it purports to be, rendering them unsupported hearsay with no reliable evidence to support the truth of the matter asserted;

2) These exhibits fail to support the amount claimed by Defendants' Counsel as there is no way to determine from these exhibits what hours were actually billed on the case by each attorney;

3) Exhibits 9, 11 and 13 and so heavily redacted as to be virtually meaningless as an exhibit for any purpose, (for example, see Exhibit 11, particularly pages 11-17 which are nearly 100% redacted);

4) Of those entries that are not redacted, at least half have descriptions so vague that they cannot support the time attributed to them, and any reasonable client paying such a bill would dispute such a vague entry;

5) Reading the exhibits altogether, the Defendants had 5 lawyers, and three legal assistants, working on this one-issue case -- and that one issue is one which Defendants Counsel has previously claimed, and claims again in its current motion papers was "legally frivolous." This begs the question why so many people were needed to work on the case -- other than to artificially inflate their legal bills.

6) These bills are also unreliable due to excessive block billing and over billing, two practices that go against legal billing best practices, and antagonize the reasonable client, but are everywhere in the Defendant Counsel's bills.

7) The Defendants' Counsel has failed to show any proof that the Defendants have been delivered any of these three bills, and has failed to show that the Defendants have paid any of these three Defendant's Counsel's bills.

Other than purely conclusory statements, the Defendants' Counsel's only evidence presented purporting to show that its hourly rates are reasonable are a number of bankruptcy applications filed by various law firms (with attorney hourly rates for associates up to $1400 more or less, and partner hourly

3

rates up to $2230, more or less). This proffered evidence is not applicable, nor is it relevant, to the instant matter. Practice in bankruptcy court is a much more specialized and heavily detailed practice than the instant matter, and there are fewer practitioners who specialize in Bankruptcy than there are civil litigators who might practice in District Court. And with regard to these massive bankruptcy matters the Defendants' Counsel handles, there is no competitive market in legal fees, and as such they have a near monopoly, with the handful of other large firms for large corporate bankruptcies. Defendants' Counsel surely knows this to be true, which is why they presented their bankruptcy rates as their supporting evidence. Those cases are vastly different, and vastly more complicated, than the instant case.

The Defendants, of course, may choose whomever they wish to represent them, but that does not make Defendant's Counsel's hourly rates "reasonable."  Pursuant to this Honorable Court's order, and indeed controlling law on the subject, calls for any award to be based on a "reasonable attorney's fee", it would be an outright abuse of discretion, a distortion of justice, and an outright violation of controlling law, to rely on the Defendants' bankruptcy case rates to provide any guidance to calculate a "reasonable fee" in this matter. As this Honorable Court clearly knows, the presumptively reasonable fee is "the rate a paying client would be willing to pay," bearing in mind "that a be reasonable, paying client wishes to spend the **minimum necessary** to litigate the case effectively." Arbor Hill, 522 F.3d at 190. A "reasonable hourly rate," in turn, is "the rate a paying client would be willing to pay," taking into account, "among others," (i) "the time and labor required," (ii) "the amount involved in the case and the results obtained," and (iii) "the experience, reputation, and ability of the attorneys." Arbor Hill, 522 F.3d at 190, 187 n. 3.

Defendants' Exhibit 3 provides an application for fees by Latham & Watkins in a massive bankruptcy proceeding. In a July 2022 news article, the extravagant fee structure charged by Latham & Watkins for its work in bankruptcy was examined. See "As Billing Rates Skyrocket, Historic Fee Leaders Find Company at $2000 Per Hour" by The American Lawyer, July 28, 2022, ALM Media Properties, LLC. (Copy attached as "Exhibit A").

"In the past few decades, four law firms—Weil, Gotshal & Manges; Kirkland & Ellis; Skadden, Arps, Slate, Meagher & Flom; and Latham & Watkins—have represented close to one-third of large public companies in Chapter 11 bankruptcy proceedings. For their

services, the firms have <u>traditionally charged higher rates than other large firms</u> with less extensive bankruptcy practices. But their fee dominance may be beginning to wane."

A law professor, Lynn LoPucki, was quoted in the article, saying that the incentives of bankruptcy lawyers and judges facilitate frequent and aggressive rate hikes, in that "there's no market. These are debtors' attorneys fees being paid with other people's money, so it's better to transmit a symbol that we are really good because we charge $2,000 an hour." <u>Id</u> at 2. But unlike the highest of high-end bankruptcy filings, there is a much more reasonable and competitive market for the handling of cases such as the instant case – and therefore should be serviced at a reasonable rate, being in essence a one-issue civil litigation dispute in District Court. The instant matter was a standard civil litigation matter, based on one allegation -- nothing about it required complex bankruptcy specialization, either to file the motion to dismiss, or the motion for Rule 11 sanctions. Therefore, the rate Defendants Counsel claims is completely out of touch from what would be reasonable in this case. Defendants' Counsel claims total legal fees of $327,222.50. They also claim that the total hours worked was 288.7 hours. This results in an averaged hourly rate of $1,133.43. (327,222.50 divided by 288.7).

It would be more appropriate to calculate, as overwhelming case law suggests, a reasonable rate by the number of hours expended. We posit that the reasonable rate for the defense of the case should be $434.00 per hour, which for the same number of hours would result in a total of $125,128.60. (288.7 x 434= 125,128.60). The average lawyer hourly rate in the NYC area for 2023 is $434.00. It was previously reported that the average lawyer hourly rate in New York in 2020 was 357 per hour, with an anticipated yearly increate of +3 annually. <u>See</u> "Attorneys At Work, Hourly Rates By State," by Susan Kostal, Clio Legal Trends Report, 2021. (Attached hereto as "Exhibit B").  $357 per hour in 2020, with a yearly increase of 3% compounded over three years, comes to $434 in 2023. Other resources suggest lawyer hourly rates averaging $378, and up to $518. https://www.clio.com/resources/legal-trends/compare-lawyer-rates.   See Exhibit C, attached.

5

Moreover, how can any firm justify the extravagant amount in excess of $300,000 being claimed when the entirety of their handling consisted or two motions 1) a motion to dismiss, and; 2) a motion for sanctions?

CASE LAW ON AWARDING SANCTIONS

Further, it is highly likely that an award here, and particularly at the amount sought here by the Defendants' Counsel, would have an absolute chilling effect on any creative advocacy, which is explicitly counter to what Rule 11 should be about. Rule 11 is explicitly designed to avoid chilling creative advocacy. This is especially true in unsettled areas. Kravetz v. Park La Brea Assocs., 1988 U.S. App. LEXIS 21472, at *5–*6 (9th Cir. Nov. 14, 1988) ("creativity in legal thinking is to be encouraged, especially in unsettled areas of the law"). Creative advocacy is also allowed when the law is settled. "Even if the law was settled against the defendant, however, that is not dispositive. Then, a court should ask whether the defendant's claim at the very least was based on an objectively good faith argument for the extension, modification, or reversal of existing law." FTC v. AbbVie Inc., 976 F.3d 327, 360 (3d Cir. 2020); Eldridge v. Gordon Brothers Grp., LLC, 863 F.3d 66, 88 (1st Cir. 2017) ("it is not enough that the filer's claim lacked merit— it must be so plainly unmeritorious as to warrant the imposition of sanctions").

We believe that this Honorable Court should consider Plaintiffs' allegations in the light of completely acceptable circumstantial evidence, and that the Plaintiffs' reliance on circumstantial evidence was reasonable. A belief can be reasonable if supported by circumstantial or other inferential facts. Lucas v. Duncan, 574 F.3d 772, 778 (D.C. Cir. 2009) (reversing sanctions order requiring direct evidence because "[i]f an attorney has evidence that a man 'walked into a room with a wet umbrella' at a certain time, the attorney does have 'evidentiary support' for the 'factual contention' that 'it was raining' at that time").

In many cases, certain necessary evidence will be in a defendant's exclusive possession. As a general matter, sanctions  will not lie in a situation where evidence to disprove allegations is within the defendant's possession rather than the plaintiff's. Hadges v. Yonkers Racing Corp., 48 F.3d 1320, 1330 (2d Cir. 1995).

6

Additionally, the Plaintiffs request that this Honorable Court consider the fact that there still exists no case law in the 2nd Circuit or above on the central topic of the case. Case law tells us that courts will consider whether the relevant area of law is well-established, and the more unsettled the law, the more leeway the courts will allow for creative advocacy. Murray Hill Publ'ns, Inc. v. ABC Commc'ns, Inc., 264 F.3d 622, 640 (6th Cir. 2001) (Because we believe the plaintiffs presented one or more colorable, albeit meritless, claims to the district court, we reverse the award of attorneys fees); S.A. Auto Lube, Inc. v. Jiffy Lube Int'l, Inc., 842 F.2d 946, 950 (7th Cir. 1988) (affirming denial of sanctions  in light of attorney's "plausible argument on a relatively complex and unsettled issue of law"). Even if there had been binding precedent, whether at the Supreme Court or lower level, case law still provides that it can be challenged directly (when an attorney makes a non-frivolous argument that it was wrongly decided). Thus, "that a civil rights litigant pressed a legal position which courts had previously rejected was not thought to constitute a species of sanctionable conduct. If it had been, the parties and counsel who in the early 1950s brought the case of Brown v. Board of Ed., 347 U.S. 483, 74 S. Ct. 686, 98 L. Ed. 873 (1954), might have been thought by some district court to have engaged in sanctionable conduct for pursuing their claims in the face of the contrary precedent of Plessy v. Ferguson, 163 U.S. 537, 16 S. Ct. 1138, 41 L. Ed. 256 (1896)." Blue v. U.S. Dep't of Army, 914 F.2d 525, 534 (4th Cir. 1990).

## THE AMOUNT DEFENDANTS' COUNSEL CLAIMS WOULD LIKELY NEVER BE RECOVERABLE

The Plaintiffs in the instant case are, upon information and belief, all hard-working immigrants who escaped the persecution of the Chinese Communist Party. Moreover, both the undersigned counsel, and co-counsel, operate small practices, and do not have funds or resources that would cover such the amount claimed by the Defendants' Counsel.  The undersigned has no financial resources or collateral that would make it possible to pay even a fraction of the amount claimed by Defendants Counsel. We request that Your Honor take into consideration the Plaintiffs' and Plaintiffs' Counsel collective inability to pay the outsized sum being claimed when rendering a decision.

Monetary sanctions must be reasonable as well as consistent with the purpose of Rule 11 -- to deter baseless filings and dilatory or abusive pretrial tactics. <u>Cooter & Gell v. Hartmarx Corp.</u>, 496 U.S. 384, 393, 110 L. Ed. 2d 359,110 S. Ct. 2447 (1990). In determining the amount, the district court must strike a balance that furthers the purpose of the rule without chilling meritorious litigation. See id; <u>Murphy v. Cuomo</u>, 913 F. Supp. 671 (NDNY 1996). To this end, a court may consider not only the conduct itself, but also the offending party's ability to pay.

We thank Your Honor for your consideration.


Dated: Aug. 24, 2023

Counsel for the Plaintiffs

_____
Richard N. Freeth
Freeth & Associates, LLC
260 Madison Ave., 8th Floor
New York, NY 10016
(917)775-7082